**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

DEWEY AUSTIN BARNETT, II,          )
                                   )
    Plaintiff,          )
                                   )
    v.                  )          No. 4:26-cv-00284-RHH
                                   )
GREGORY MERMELSTEIN, et al.,       )
                                   )
    Defendants.         )

**OPINION, MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Dewey Austin Barnett, II's application to proceed in district court without prepayment of fees and costs. Because Plaintiff has accrued three strikes under 28 U.S.C. § 1915(g), the Court will deny the application and order Plaintiff to pay the full filing fee.

**28 U.S.C. § 1915(g)**

Plaintiff, a prisoner and frequent filer of lawsuits, is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain *in forma pauperis* status if they have filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

**The Complaint**

Plaintiff is incarcerated at the Eastern Reception Diagnostic and Correctional Center in Bonne Terre, Missouri.  He files this action under 42 U.S.C. § 1983 against his former public defender, Andrew Fox, and the Deputy Director of the Missouri State Public Defender System, Gregory Mermelstein.  Plaintiff alleges both counsel were constitutionally inadequate in their representation of him in 2025.  For relief, Plaintiff seeks "fair and reasonable monetary and punitive damages," costs, and attorneys' fees.  Doc. [1] at 3-7.

**Discussion**

A review of this Court's files indicates that Plaintiff previously brought three civil actions that were dismissed as frivolous, malicious, or for failure to state a claim.  *See Barnett v. Fox, et al.*, No. 4:25-cv-307-SPM (E.D. Mo. filed May 13, 2025); *Barnett v. Fox*, No. 4:25-cv-1206-JSD (E.D. Mo. filed Aug. 27, 2025); *Barnett v. Hill, et al.*, No. 1:25-cv-167-JMB (E.D. Mo. filed Oct. 8, 2025); *see also Barnett v. Stacey*, No. 4:26-cv-88-RHH (E.D. Mo. filed Jan. 23, 2026) (denying IFP under three-strike rule).  As a result, the Court cannot grant him leave to proceed in forma pauperis unless his complaint demonstrates that he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

The Court does not find that Plaintiff's allegations are causing him to be under imminent danger of serious physical injury as required to trigger the exception to the three-strike rule.  The "imminent danger" exception to § 1915(g) "focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct. *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *see, e.g.*, *McAlphin v. Toney*, 281 F.3d 709, 711 (8th Cir. 2002) (finding plaintiff faced imminent danger where infection spreading in his mouth required five tooth extractions and he needed two more extractions that were being unconstitutionally delayed).

- 2 -

Having thoroughly reviewed and liberally construed the Complaint, the Court finds that it does not show that Plaintiff is under imminent danger of serious physical injury.  Plaintiff's allegations against his former counsel do not establish he is imminent danger, or in any danger, of any injury.  Because Plaintiff's complaint does not fall under this exception to § 1915(g), the Court will deny Plaintiff's application to proceed in district court without prepayment of fees and costs. Plaintiff shall pay the $405 filing fee within 21 days of the date of this order or this action will be dismissed without prejudice under 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees and costs is **DENIED**.  Doc. [3]

**IT IS FURTHER ORDERED** that Plaintiff shall pay the $405 statutory filing fee within 21 days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 29th day of April, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE